IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN LEE WILLIAMS #101391,<br>And GIOVANNI QUINTANILLA #91582,<br><br>    Plaintiff,<br><br>v.<br><br>SONNY WEATHERFORD, et al.,<br><br>    Defendants. | Case No. 3:16-cv-02797<br><br>Judge Trauger |

## MEMORANDUM AND ORDER

The plaintiffs, inmates of the Sumner County Jail in Gallatin, Tennessee, have filed a *pro se* complaint for alleged violation of their civil rights pursuant to 42 U.S.C. § 1983, and each plaintiff has filed an application to proceed *in forma pauperis* (IFP). (ECF Nos. 1, 2, 3.) In addition, the complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

    A.    **Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from the plaintiffs' submissions that they lack sufficient financial resources from which to pay the full filing fee in advance, their applications to proceed IFP (ECF Nos. 2, 3) are **GRANTED**.

However, under § 1915(b), the plaintiffs nonetheless remain responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and

to pay the remainder in installments. Accordingly, the plaintiffs are hereby **ASSESSED** a $350 filing fee, which it will apportion to each plaintiff in the amount of $175 to be paid as follows:

The custodian of each plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's inmate trust account; or (b) 20% of the average monthly balance in the plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $175 owed by each plaintiff is paid in full. 28 U.S.C. § 1915(b)(2).

Each time the trust account officer makes a payment to this court as required by this order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of the Sumner County Jail to ensure that the custodian of the plaintiffs' inmate trust accounts complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If either plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

  B.  **Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiffs sue under 42 U.S.C. § 1983 to vindicate alleged violations of their federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiffs allege that the Sumner County Jail has recently instituted a policy limiting non-legal incoming mail to postcards only, which dramatically limits their communications from friends and family and prohibits receipt of magazines and other periodicals. The plaintiffs claim this policy violates their rights under the First Amendment. They sue the county sheriff and the jail administrator, who they allege are responsible for implementing the new policy. They seek an injunction requiring the defendants to rescind the policy, $50,000 in compensatory damages and an order declaring that their rights have been violated.

The court has reviewed the complaint and finds that it asserts a claim that is not facially

frivolous under 28 U.S.C. § 1915A. Prisoners enjoy a First Amendment right to send and receive mail and to associate with others. *See Procunier v. Martinez*, 416 U.S. 396, 408–09 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119 (1977). An inmate's exercise of constitutional rights is necessarily limited, however, "both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security." *Pell v. Procunier*, 417 U.S. 817, 822–23 (1974); *see also Jones*, 433 U.S. at 129. In *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Supreme Court held that "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Hines v. South Carolina Dep't of Corrections*, 148 F.3d 353, 358 (4th Cir.1998). Analysis of whether the defendants' policy is reasonably related to such interests is a fact-based inquiry requiring development beyond initial review. The court finds that the plaintiffs' claims survive the PLRA's required screening of *pro se*, *in forma pauperis* prisoner complaints as the plaintiffs have stated a colorable claim under the First Amendment. Accordingly, the court **DIRECTS** the Clerk to **ISSUE PROCESS** to the defendants at the address provided in the complaint. (See ECF No. 1, at 2.)

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any

claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge