```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE
```

JUSTIN LEE WILLIAMS and     )
GIOVANNI QUINTANILLA,       )
                            )
        Plaintiffs          )
                            )     No. 3:16-2797
v.                          )     Judge Trauger/Brown
                            )
SONNY WEATHERFORD, *et al.*,)
                            )
        Defendants          )

**TO:    THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

The Plaintiff, Justin Williams, has filed a motion for a temporary restraining order to enjoin the Defendants from continuing to enforce their restriction of all non-legal mail to be in the form of a metered or prestamped post card (Docket Entry 20). For the reasons stated below, the Magistrate Judge recommends that the motion be denied as moot.

### BACKGROUND

The Defendants Williams and Quintanilla filed a complaint in this matter on October 25, 2016. In their complaint they allege that in April 2016 the Sumner County Jail officials implemented a new policy regarding incoming nonlegal correspondence They allege that the policy restricts the nonlegal mail to "metered post card only." They allege that the previous policy allowed them to receive letter correspondence from their loved ones and for up to five pictures to be included. They allege the new policy requires the inmates' loved ones to purchase premium post cards from the third-

party online company to be allowed to send pictures to inmates and limit correspondence to only post cards. They allege it also prohibits inmates from receiving magazines and other periodicals. In their complaint the Plaintiffs requested an injunction compelling the Defendants to rescind the policies, $50,000 in compensatory damages, and an order declaring that their rights had been violated.

The case was given an initial review pursuant to the Prison Litigation Reform Act and found to allege a claim that was not facially frivolous under 28 U.S.C. § 1950A (Docket Entry 4). The Defendants filed an answer (Docket Entry 18) in the matter.[1] The Defendants responded to the motion for temporary restraining order (Docket Entry 21), pointing out that the motion for a TRO was only signed by the Defendant Williams and that since he is no longer an inmate at the Sumner County Jail, any request for injunctive relief is moot. There was no reply. The matter is ready for a decision.

---

[1] The Magistrate Judge has serious concerns about the nature of the answer. It appears that counsel has used boilerplate pleadings and that there is no good faith basis for many of the special and affirmative defenses alleged. Counsel should carefully review Rule 11 and file an amended answer unless counsel is able to demonstrate a good faith basis for statements that the complaint violates the applicable statute of limitations, that the injuries alleged are due to the sole negligence of the Plaintiffs, that the injuries alleged are due to the negligence of others or third parties to whom the Defendants do not respond at law, and that somehow the Plaintiffs' own fault or negligence constituted 50% or more of the total fault or negligence causing and contributing to the alleged damages under the Doctrine of Comparative Fault, and that the Plaintiffs are guilty of fault or negligence which contributed to their own damages by a percentage from 1% to 49%, and that the Plaintiffs have made a claim for punitive damages.

2

**LEGAL DISCUSSION**

The Magistrate Judge believes that the Defendant has correctly stated the law in this matter.[2] The motion for a TRO is only signed by the Plaintiff Williams. As a *pro se* Plaintiff Williams may not represent his co-plaintiff or other prisoners. The record is clear that Williams has now been transferred to BCCX and is no longer subject to the restrictions of the Sumner County Jail. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). In view of a lack of standing by the sole moving party, Plaintiff Williams, a further analysis of the standards required for granting a TRO is not needed. The Magistrate Judge would note that serious questions have been raised about the constitutionality of similar jail policies. *The American Civil Liberties Union Fund of Michigan v. Livingston County*, 796 F.3d 636 (6th Cir. 2015). Whether the extensive discussion of the policy as it relates to legal mail would apply to nonlegal mail is an open question.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion for a TRO be denied as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

---

[2]The Plaintiffs are reminded that since they filed the case jointly any motion or response concerning both of them must be signed by both.

Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 14th day of December, 2016.

/s/   Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge