IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN LEE WILLIAMS #101391, <br> And GIOVANNI QUINTANILLA #91582, <br><br> Plaintiff, <br><br> v. <br><br> SONNY WEATHERFORD, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   NO. 3:16-cv-02797 <br> )   JUDGE TRAUGER <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

Pending before the court are a Report and Recommendation ("R & R") of the Magistrate Judge that summary judgment be granted to the defendants on Plaintiff Quintanilla's claim due to his failure to exhaust administrative remedies (Docket Entry No. 129), objections filed by the plaintiffs (Docket Entry No. 141), and the defendants' response to the objections (Docket Entry No. 146).

When a magistrate judge issues an R & R regarding a dispositive matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made, and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Federal courts have routinely deemed objections "waived" where the objections merely restate the party's arguments that were previously addressed by the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Charles v. Astrue*, No. 3:10–cv–134, 2011 WL 3206464 (E.D. Tenn. July 28, 2011).

The R & R indicates that the defendants have submitted proof that Plaintiff Quintanilla failed to exhaust his administrative remedies about the jail's mail policy before filing this lawsuit, and that the plaintiffs have failed to submit any proof that creates a genuine issue about that fact. Specifically, the Magistrate Judge observed that Defendant Troutt's affidavit in support of the motion for summary judgment, and the twenty page electronic report of Plaintiff Quintanilla's grievances attached to it, establish that Mr. Quintanilla was familiar with the use of the grievance system and that he did not file any grievance about the jail mail procedure that is the subject of this lawsuit. (ECF No. 129, at 5; ECF Nos. 65-1, 65-2.) In response to the motion for summary judgment, the Magistrate Judge correctly found that "the closest the Plaintiff comes to responding to this issue is the statement 'both the plaintiffs in this action submitted written grievances to both of the defendants regarding the infringement upon our rights with no response received' and 'several verbal complaints were also given to higher-ranking jail officials.'" (ECF No. 129, at 5 (quoting ECF No. 98, at 1).) The Magistrate Judge pointed out that the plaintiffs had not submitted a copy of any such grievance, describe its substance, or stated to whom any verbal complaints were made, and that they had failed to respond to the defendants' statement of undisputed fact that Plaintiff Quintanilla had not filed any grievance about the mail system at the Sumner County Jail. (ECF No. 129, at 5–6.)

The plaintiffs object on two grounds. First, they say they did not receive the defendants' statement of undisputed facts until March 16, 2017, two days after the R & R was entered. (ECF No. 141, at 1.) But the certificate of service on the defendants' statement indicates that it was mailed on January 31, simultaneously with the motion to dismiss and memorandum in support to which the defendants responded on February 21, and the defendants have now submitted counsel's January 31 cover letter reflecting that all of the defendants' filings in support of their motion were mailed to each plaintiff in a single missive. (ECF No. 67, at 2; ECF No. 146-1.) The court is therefore not persuaded by the plaintiffs' claim that they did not receive the defendants' statement until a month and a half after it was mailed to them. Moreover, even if the court were

so persuaded, the R & R was not based solely on the plaintiffs' failure to respond to that statement, but is amply supported by Defendant Troutt's affidavit and the plaintiffs' failure to offer any evidence to refute it in their response to the motion.

Second, the plaintiffs argue generally that summary judgment is inappropriate because they have not yet conducted discovery. (ECF No. 141, at 3.) However, they have not established why any discovery would be necessary for them to submit evidence of Plaintiff Quintanilla's own grievances, or why Defendant Troutt's affidavit and the attached records of Mr. Quintanilla's grievances is not adequate disclosure of the evidence in the defendants' possession on this issue. They also fail to specify to any degree what discovery they would like to conduct regarding exhaustion. A court does not abuse its discretion by denying a request to defer ruling on summary judgment until additional discovery is conducted where the requesting party fails to show how he would benefit from such discovery. *Anzaldua v. Ne. Ambulance & Fire Prot. Dist.*, 793 F.3d 822, 837 (8th Cir. 2015).

The court has reviewed the R & R, the objections, the response to objections, and the file. The plaintiffs' objections are overruled, and the R & R is adopted and approved. Accordingly, the defendants' motion for summary judgment with respect to Plaintiff Quintanilla's claims (Docket Entry No. 65) is **GRANTED**, and Plaintiff Quintanilla's claims are **DISMISSED**. Any appeal brought by Plaintiff Quintanilla would not be in good faith for the purpose of 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge